Citation Nr: 1045640 
Decision Date: 12/06/10 Archive Date: 12/14/10

DOCKET NO. 04-07 043A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, 
Florida


THE ISSUES

1. Whether new and material evidence has been received 
sufficient to reopen the Veteran's claim of entitlement to 
service connection for "tailbone" fracture residuals.

2. Entitlement to a compensable disability evaluation for the 
Veteran's epidermophytosis of the feet for the period prior to 
May 19, 2009.

3. Entitlement to a disability evaluation in excess of 10 
percent for the Veteran's epidermophytosis of the feet for the 
period beginning on May 19, 2009.

4. Entitlement to an effective date prior to March 25, 2005, for 
the grant of service connection for posttraumatic stress disorder 
(PTSD).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J. Juliano, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1967 to January 
1970.

These matters come before the Board of Veterans' Appeals (Board) 
on appeal from an April 2005 rating decision of the Department of 
Veteran's Affairs (VA) regional office (RO) located in St. 
Petersburg, Florida that granted the Veteran's claim for service 
connection for PTSD, effective March 25, 2005.

The Board notes that recently, in June 2010, the Board remanded 
the Veteran's claim for a total disability rating for 
compensation based on individual unemployability (TDIU) for 
further development. Shortly thereafter, a July 2010 RO decision 
granted the Veteran's claim for TDIU, which constituted a grant 
of the full benefit sought on appeal. See Grantham v. Brown, 114 
F.3d 1156 (Fed. Cir. 1997). Therefore, the issue of entitlement 
to TDIU is no longer on appeal before the Board.

The issue of entitlement to an effective date prior to March 25, 
2005 for service-connected PTSD is addressed in the REMAND 
portion of the decision below and is REMANDED to the RO via the 
Appeals Management Center (AMC), in Washington, DC.


FINDINGS OF FACT

1. A June 2010 Board decision denied the Veteran's application 
to reopen his claim for service connection for "tailbone" 
fracture residuals; the Veteran has not filed a motion for 
reconsideration or a claim to revise that decision based on clear 
and unmistakable error (CUE).

2. A June 2010 Board decision denied entitlement to a 
compensable disability evaluation for the Veteran's 
epidermophytosis of the feet for the period prior to May 19, 
2009; the Veteran has not filed a motion for reconsideration or a 
claim to revise that decision based on clear and unmistakable 
error (CUE).

3. A June 2010 Board decision denied entitlement to a disability 
evaluation in excess of 10 percent for the Veteran's 
epidermophytosis of the feet for the period beginning on May 19, 
2009; the Veteran has not filed a motion for reconsideration or a 
claim to revise that decision based on clear and unmistakable 
error (CUE).


CONCLUSIONS OF LAW

1. There is no motion for reconsideration, CUE claim, or any 
appeal alleging specific errors of fact or law with regard to any 
rating decision before the Board involving the issue of whether 
new and material evidence has been submitted sufficient to reopen 
the Veteran's claim of entitlement to service connection for 
"tailbone" fracture residuals; therefore, the claim is 
dismissed.

2. There is no motion for reconsideration, CUE claim, or any 
appeal alleging specific errors of fact or law with regard to any 
rating decision before the Board involving entitlement to a 
compensable disability evaluation for epidermophytosis of the 
feet for the period prior to May 19, 2009; therefore, the claim 
is dismissed.

3. There is no motion for reconsideration, CUE claim, or any 
appeal alleging specific errors of fact or law with regard to any 
rating decision before the Board involving entitlement to a 
disability evaluation in excess of 10 percent for 
epidermophytosis of the feet for the period beginning on May 19, 
2009; therefore, the claim is dismissed.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Under 38 U.S.C.A. § 7105(d)(5), the Board may dismiss any appeal 
which fails to allege specific error of fact or law in the 
determination being appealed.

By way of background, in January 2008 and September 2008, the 
Board remanded the issues of whether new and material evidence 
had been received sufficient to reopen the Veteran's claim for 
service connection for "tailbone" fracture residuals, and the 
issue of entitlement to a compensable evaluation for 
epidermophytosis of the feet, to the RO for further development. 
Subsequently, a June 2009 RO decision granted an increased 
evaluation for the Veteran's epidermophytosis of the feet of 10 
percent disabling, effective May 19, 2009. After additional 
development was completed and these matters were returned to the 
Board, in December 2009, the Board again remanded these matters 
for further development. After such additional development was 
completed and these matters were returned to the Board again for 
further review, a June 2010 Board decision denied the Veteran's 
application to reopen his claim for service connection for 
"tailbone" fracture residuals, and it denied increased 
evaluations for the Veteran's epidermophytosis of the feet.

The Board notes that the Veteran has not moved for 
reconsideration of the June 2010 Board decision under 38 U.S.C.A. 
§ 7103, and he has not filed a claim requesting revision of the 
Board decision on grounds of CUE under 38 U.S.C.A. § 7111. 
Rather, it appears that the June 2010 Board decision denying the 
claims may not have been associated with the claims file at the 
time the RO issued its July 2010 Supplemental Statement of the 
Case (SSOC), based on which these issues were again certified for 
appeal and returned to the Board. The Board also notes that no 
new application to reopen the Veteran's claim for service 
connection for "tailbone" fracture residuals is of record, nor 
has any new claim for an increased evaluation for service-
connected epidermophytosis of the feet been filed (albeit even if 
the Veteran filed such claims, a substantive Form 9 appeal would 
be necessary to confer jurisdiction to the Board, see 38 U.S.C.A. 
§ 7105(d)).

Therefore, in light of the above, the Board finds that there 
remains no case or controversy over which the Board has 
jurisdiction, and these matters should therefore be dismissed.


ORDER

The appeal of the issue of whether new and material evidence has 
been received sufficient to reopen the Veteran's claim of 
entitlement to service connection for "tailbone" fracture 
residuals is dismissed.

The appeal of the issue of entitlement to a compensable 
disability evaluation for the Veteran's epidermophytosis of the 
feet for the period prior to May 19, 2009 is dismissed.

The appeal of the issue entitlement to a disability evaluation in 
excess of 10 percent for the Veteran's epidermophytosis of the 
feet for the period beginning on May 19, 2009 is dismissed.


REMAND

An April 2005 RO decision granted service connection for PTSD and 
assigned an evaluation of 50 percent disabling, effective March 
25, 2005. In May 2005, the Veteran filed a notice of 
disagreement requesting an effective date prior to March 25, 
2005. Specifically, the Veteran requested that an effective date 
of October 23, 2002 be assigned (which is the date of a prior RO 
decision that denied service connection for PTSD). See also 
Deferred Rating Decision, February 2008. Therefore, the 
Veteran's claim for an earlier effective date for service-
connected PTSD must now be remanded to allow the RO to provide 
the Veteran with an appropriate SOC. See Manlincon v. West, 12 
Vet. App. 238, 240-41 (1999); see also Godfrey v. Brown, 7 Vet. 
App. 398, 408-410 (1995); Archbold v. Brown, 9 Vet. App. 124, 130 
(1996); VAOPGCPREC 16-92 (O.G.C. Prec. 16- 92). This issue will 
be returned to the Board after issuance of the SOC only if 
perfected by the filing of a timely substantive appeal. See 
Smallwood v. Brown, 10 Vet. App. 93, 97 (1997); Archbold, 9 Vet. 
App. at 130.

Accordingly, the case is REMANDED for the following action:

Provide the Veteran with an SOC addressing 
the issue of entitlement to an effective 
date prior to March 25, 2005 for the grant 
of service connection for PTSD. The 
Veteran should be informed that he must 
file a timely and adequate substantive 
appeal in order to perfect an appeal of 
this issue to the Board. If a timely 
substantive appeal is not filed, the claim 
should not be certified to the Board.

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2009).



______________________________________________
L. M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals



 Department of Veterans Affairs